UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BB&T FINANCIAL, FSB,

    Plaintiff,

vs.                                        Case No.  3:10-cv-1069-J-32MCR

BERNARD J. DEGEORGE, JR.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Counterclaim Defendant, BB&T Financial, FSB's Motion to Dismiss Amended Counterclaim (Doc. 28) filed March 23, 2011. Counterclaim Plaintiffs, Bernard J. DeGeorge, Jr. and Mechelle DeGeorge, have not filed a response to this Motion and the time for doing so has passed. Accordingly, the matter is now ripe for judicial determination.

## **I. BACKGROUND**

Back in May 2010, Plaintiff, BB&T Financial, FSB ("FSB") filed a small claims Complaint in the Fourth Judicial Circuit seeking recovery of the $2,102.41 balance Defendant, Bernard J. DeGeorge, owed on a credit card issued by Plaintiff. (Doc. 2). The Complaint also sought late/overlimit fees in the amount of $210.00. Id. Defendant

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

and his wife, Mechelle DeGeorge (collectively referred to as the DeGeorges), filed a counterclaim against Plaintiff and two other related entities, Branch Banking and Trust Corp and BB&T Corporation.  (Doc. 3).  The Counterclaim contained nine counts, including two federal claims for violations of the Racketeer Influenced and Corrupt Organizations statute ("RICO"),18 U.S.C. §§1961-1968, and involuntary peonage in violation of 18 U.S.C. §1581.  Id.  Based on these two federal claims, FSB removed the case to this Court on November 22, 2010.  Thereafter, on November 29, 2010, the Counterclaim Defendants filed a Motion to Dismiss the Counterclaims (Doc. 13).  In response, the DeGeorges filed a motion seeking to file an amended counterclaim (Doc. 20).  The Court granted their request and directed the DeGeorges to file the amended counterclaim no later than February 21, 2011.  (Doc. 22).  On February 22, 2011, the DeGeorges filed their amended counterclaim and dropped four of the counts, including both of the federal claims contained in the original counterclaim.  (Doc. 24).

    On March 8, 2011, FSB filed a motion to strike the amended counterclaim (Doc. 25), which the Court denied by Order dated March 15, 2011 (Doc. 27).  In the Order denying FSB's motion to strike, the Court asked FSB to file a notice indicating whether its earlier motion to dismiss was now moot and to explain whether the Court retained jurisdiction over the matter as a result of the DeGeorges dismissing the federal causes of action.  (Doc. 27).  On March 23, 2011, FSB filed a new Motion to Dismiss and further stated that it believed the Court retained jurisdiction despite the dismissal of any federal cause of action.  (Doc. 28).  After careful consideration, the undersigned agrees the Court has not been divested of jurisdiction as a result of the amendment, however,

believes the Court should exercise its discretion and remand the matter back to the state court.

## II. ANALYSIS

FSB takes the position that the Court retains jurisdiction over this case because "[f]ederal jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." (Doc. 28, p. 2). FSB is correct that "the district court must look at the case at the time of removal, rather than subsequent events, to determine whether it has subject-matter jurisdiction" and that the DeGeorges' subsequent amendment eliminating any federal claims did not divest the Court of its subject-matter jurisdiction. Calcerrada v. Securitas Security Services, USA, Inc., No. 5:07-cv-295-Oc-10GRJ, 2008 WL 1925269, at *2 (M.D. Fla. Apr. 29, 2008). However, simply because remand is not required does not mean the Court cannot later determine remand is appropriate. Indeed, the Court has discretion to decline to continue exercising supplemental jurisdiction over state law claims once all federal claims have been dismissed. See 28 U.S.C. §1367(c); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 623 (1988) (noting that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate").

In order to determine whether to retain jurisdiction or remand, the Court must weigh the considerations of "economy, convenience, fairness, and comity." Carnegie-Mellon, 484 U.S. at 350, 108 S.Ct. at 619. An examination of these factors in

this case weighs in favor of the Court remanding the case back to the state court. For example, the factors of economy and convenience weigh heavily in favor of remand. This case is in its very early stages. Indeed, it has been in this Court for less than five months and due to the motions to dismiss, FSB has not yet filed an answer to the DeGeorges' counterclaims. Accordingly, it is reasonable to assume no discovery has taken place. Moreover, the Court has not invested significant time and resources in the case. As the Supreme Court in Carnegie-Melon noted: "'[w]hen the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction.'" Lake County v. NRG/Recovery Group, Inc., 144 F.Supp.2d 1316, 1320 (M.D. Fla. 2001) (quoting Carnegie-Mellon, 484 U.S. at 351, 108 S.Ct. at 619)).

Principals of comity also weigh in favor of remand. As all remaining claims deal with state law, this Court will be required to examine Florida statutory and common law. Clearly, such examination is better suited for a state court. See Lake County, 144 F.Supp.2d at 1321 (holding comity weighed in favor of remand where district court would be "called upon to interpret issues of state contract law, issues of Florida constitutional law, and issues of local governmental law, all of which are best suited for determination by a state court").

Finally, remand will not result in unfairness to either side. This is not a case where a party has engaged in forum shopping. Indeed, FSB originally brought this case in state court and removed only after the DeGeorges filed their counterclaim. Accordingly, remand will return the case to the court FSB's originally chose and thus,

FSB will not suffer any prejudice or unfairness.  Additionally, the DeGeorges have voluntarily dismissed the federal claims in their counterclaim and likewise, will not suffer any prejudice or unfairness with a remand.

Therefore, after considering the Carnegie-Mellon factors of economy, convenience, comity, and fairness, the undersigned concludes that it is appropriate for the Court to exercise its discretion and remand this case back to the state court. Accordingly, for the foregoing reasons, it is respectfully

**RECOMMENDED**:

that this matter be remanded to the County Court for the Fourth Judicial Circuit in and for Clay County Florida.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this ___11th___ day of April, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan,
    United States District Judge

Counsel of Record